JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kevin Smith

**DEFENDANTS**
VisionQuest National, LTD.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Pima County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Wesley Cornish, Esquire, 230 S. Broad St.,17th Fl.
Phila., PA 19102, (212) 444-2039

Attorneys *(If Known)*
Deasey, Mahoney & Valentini, LTD.,1601 Market Street,
Suite 3400, Phila., PA 19103, (215) 587-9400, Gerald J.
Valentini, Esquire Michael Rausch Esquire&J.D. Feenane

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | **PERSONAL INJURY** | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 310 Airplane | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 485 Telephone Consumer |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | Protection Act |
| ☐ 196 Franchise | | | ☐ 720 Labor/Management Relations | ☐ 490 Cable/Sat TV |
| | | | ☐ 740 Railway Labor Act | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **SOCIAL SECURITY** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 862 Black Lung (923) | Act/Review or Appeal of Agency Decision |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI | |
| | | ☐ 555 Prison Condition | ☐ 865 RSI (405(g)) | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE See Attached
DOCKET NUMBER

DATE
Jul 25, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____ 4400 East Broadway Boulevard, Suite 501, Tucson, AZ  85711 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ See Attached _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☑   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/25/2023   _____(signature)_____   58261
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*
                    Must sign here

---

**CIVIL: (Place a √ in one category only)**

**A.        Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify): _____*

**B.        Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☑ 6. Other Personal Injury *(Please specify): _____*
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Gerald J. Valentini, Esq. _____, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 07/25/2023   _____(signature)_____   58261
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*
                    Sign here if applicable

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**EACH NEWLY REMOVED CASE IS TO BE RANDOMLY ASSIGNED AND THEN LATER CONSOLIDATED WITH THE CASES PENDING BEFORE JUDGE MCHUGH:**

**Melvin Lighty v. VisionQuest National, LTD. No. 2:23-cv-02824**

**Jahquill Johnson v. VisionQuest National, LTD. No. 2:23-cv-02763**

**Tyrone Cooper v. VisionQuest National, LTD. No. 2:23-cv-02761**

**Eric Romallis Goodman v. VisionQuest National, LTD. No. 2:23-cv-02570**

**Jonmichael Rocco v. VisionQuest National, LTD. No. 2:23-cv-2331**

**Curtis Anthony Young v. VisionQuest National, LTD. No. 2:23-cv-1815**

**Leque Ball v. VisionQuest National, LTD. No. 2:23-cv-1783**

**Nathaniel Torres v. VisionQuest National, LTD. No. 2:23-cv-1725**

**Reginald Stinnett v. VisionQuest National, LTD. No. 2:23-cv-1723**

**Robin Earl Parker v. VisionQuest National, LTD. No. 2:23-cv-1721**

**Marvin Shoffner v. VisionQuest National, LTD. No. 2:23-cv-1719**

**Xavier Jason Pagan v. VisionQuest National, LTD. No. 2:23-cv-1715**

**Keith Mull v. VisionQuest National, LTD. No. 2:23-cv-1713**

**Mujahid Matthews v. VisionQuest National, LTD. No. 2:23-cv-1711**

**Jamal Hellams v. VisionQuest National, LTD. No. 2:23-cv-1704**

**Javahn Griffin v. VisionQuest National, LTD. No. 2:23-cv-1691**

**Cornelius Crawford v. VisionQuest National, LTD. No. 2:23-cv-1689**

**Kahlil Lomax-Moore v. VisionQuest National, LTD. No. 2:23-cv-1401**

**Briana Carter v. VisionQuest National, LTD. No. 2:23-cv-1400**

**Robert Simmons v. VisionQuest National, LTD. No. 2:23-cv-01362**

**Freddy Dominiguez v. VisionQuest National, LTD. No. 2:23-cv-01360**

**Kertis Bradley v. VisionQuest National, LTD. No. 2:23-cv-01358**

**Carl Ballentine v. VisionQuest National, LTD. No. 2:23-cv-01357**

**Jabriel Allen v. VisionQuest National, LTD. No. 2:23-cv-01356**

**Henry Baynard, Jr. v. VisionQuest National, LTD. No. 2:23-cv-01100**

**Clarence Lee Allison v. VisionQuest National, LTD. No. 2:23-01078**

**Lamar Genie Fletcher v. VisionQuest National, LTD. No. 2:23-cv-00977**

**Emanuel David Patrick v. VisionQuest National, LTD. No. 2:23-cv-00976**

**DeAntwuan Woods v. VisionQuest National, LTD. No. 2:23-cv-00975**

**Mark Westwood v. VisionQuest National, LTD. No. 2:23-cv-00874**

**Raphael Spearman v. VisionQuest National, LTD. No. 2:23-cv-00873**

**Kasaon Murphy v. VisionQuest National, LTD. No. 2:23-cv-00872**

**Hasan Muhamad v. VisionQuest National, LTD. No. 2:23-cv-00871**

**Nyfeis Lighty v. VisionQuest National, LTD. No. 2:23-cv-00870**

**Niajee Cooper v. VisionQuest National, LTD. No. 2:23-cv-00868**

**Darnell Bason v. VisionQuest National, LTD. No. 2:23-cv-000867**

**Johnny Santiago-Rivera v. VisionQuest National, LTD. No. 2:23-cv-00801**

**Marquis Munroe v. VisionQuest National, LTD. No. 2:23-cv-00752**

**Khaleef Jones v. VisionQuest National, LTD. No. 2:23-cv-00751**

**Zahree Isaac v. VisionQuest National, LTD. No. 2:23-cv-00750**

**Jules Williams v. VisionQuest National, LTD. No. 2:23-cv-00749**

**Aaron Pickens v. VisionQuest National, LTD. No. 2:23-cv-00748**

**Keiff King v. VisionQuest National, LTD. No. 2:23-cv-00533**

**Isaiah Wyatte v. VisionQuest National, LTD. No. 2:23-cv-00531**

**Stefan Houser v. VisionQuest National, LTD. No.: 2:23-cv-00508**

**Jose Adorno v. VisionQuest National, LTD. No.: 2:23-cv-00209**

**Ruben Pagan v. VisionQuest National, LTD. No.: 2:23-cv-00206**

**Shawn Holloway v. VisionQuest National, LTD. No.: 2:23-cv-00178**

**Elijah Jason Fletcher v. VisionQuest National, LTD. No.: 2:22-cv-04990**

**Nakeem Coleman v. VisionQuest National, LTD. No. 2:22-cv-04488**

**Daquawan Redmond v. VisionQuest, LTD. No. 2:22-cv-04485**

**Kerry Hudson v. VisionQuest National, LTD. No. 2:22-cv-03956**

**Marcel Emanuel Johnson v. VisionQuest National, LTD. No.: 2:22-cv-03957**

**Antoine Coleman v. VisionQuest National, LTD. No. 2:22-cv-01726**

**Jerry Highly v. VisionQuest, National, LTD. No.:2:22-cv-01997**

**Carlos Valentine v. VisionQuest, National, LTD.  2:22-cv-01998**


**Per Judge Sanchez's April 29, 2022 and December 9, 2022 Orders, the below cases
have been consolidated:**

1. *Barron v. VisionQuest National, LTD*, No. 2:21-cv-04801-GAM

2. ~~*Rivers v. VisionQuest National, LTD*, No. 2:21-cv-04928-PD, - DISMISSED~~

3. *Gregory v. VisionQuest National, LTD*, No. 2:21-cv-04929-HB,

4. ~~*Harris, III v. VisionQuest National, LTD*, No. 2:21-cv-04938-JMY,~~

5. *Meyer v. VisionQuest National, LTD*, No. 2:21-cv-04940-GEKP

6. *Boxley v. VisionQuest National, LTD*. No. 2:22-cv-00380-GEKP

7. ~~*Vazquez v. VisionQuest National, LTD*. No. 2:22-cv-00410-KSM~~

8. *Wallace v. VisionQuest National, LTD*. No. 2:22-cv-00411-MSG

9. *Pitts v. VisionQuest National, LTD*. No. 2:22-cv-00680-AB

10. *Foster s v. VisionQuest National, LTD*. No. 2:22-cv-00682-JDW

11. *Herd v. VisionQuest National, LTD*. No. 2:22-cv-00976-AB

12. ~~*Shields v. VisionQuest National, LTD*. No. 2:22-cv-00981-JS - DISMISSED~~

13. ~~*Mincy v. VisionQuest National, LTD*. No. 2:22-cv-01047-JHS – DISMISSED~~

14. *Hayes v. VisionQuest National, LTD*. No. 2:22-cv-01264-NIQA

15. *Nakeem Coleman v. VisionQuest National, LTD. No.* 2:22-cv-04488

16. *Daquawana Redmond v. VisionQuest National, LTD.* 2:22-cv-04485

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Kevin Smith | CIVIL ACTION NO. |
| v. | |
| VisionQuest National, LTD. et al. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( x )

| | | |
|---|---|---|
| 07/25/2023 | *[signature]* | VisionQuest National LTD. |
| **Date** | **Attorney-at-law** | **Attorney for Defendant** |
| (215) 587-9400 | (215) 587-9456 | gvalentini@dmvlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| KEVIN SMITH | CIVIL ACTION |
|---|---|
| v. | NO. |
| VISIONQUEST NATIONAL, LTD. | |

### *NOTICE OF REMOVAL OF DEFENDANT*
### *VISIONQUEST NATIONAL, LTD.*

Defendant, VisionQuest National, LTD., by its attorneys, Deasey, Mahoney & Valentini, LTD., hereby removes the above-captioned action, which is presently in the Court of Common Pleas of Chester County, Pennsylvania, No. 2023-00235TT, pursuant to 28 U.S.C. §1441 et seq. and in support thereof states as follows:

1.      On November 17, 2023, Plaintiff commenced this action by filing a Writ of Summons against VisionQuest National, LTD. in the Court of Common Pleas, Chester County.  A copy of that Writ is attached as Exhibit "1."

2.      On July 18, 2023, Plaintiff filed a Complaint against VisionQuest National, LTD. in the Chester County Action.  A copy of that Complaint is attached as Exhibit "2."

3.      This Notice is being filed within thirty days after VisionQuest National, LTD. received Plaintiff's Complaint, and within one year of the institution of Plaintiff's suit, in compliance with 28 U.S.C. §1446(b).

4.      In his Complaint, Plaintiff alleges that he is an adult individual and a resident of the Commonwealth of Pennsylvania, and upon information and belief, after reasonable investigation, Plaintiff is domiciled in Pennsylvania. (See Exhibit 2, ¶ 5).

5.      VisionQuest National, LTD. is a corporation organized and existing under the laws of the State of Arizona and its corporate headquarters office is located at 600 North Swan Road,

Tucson, Arizona 85711-2102. Plaintiff also alleges in his Complaint that this is defendant's corporate headquarters (See Exhibit 2, ¶ 6).

6.      Plaintiff further alleges in his Complaint that VisionQuest National, LTD also has a corporate headquarters at 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA. (See Exhibit 2, ¶ 6).

7.      However, while VisionQuest previously maintained a facility located at 150 East Pennsylvania Suite 430 Downingtown, Pennsylvania, that facility closed in September 2015, and has remained closed ever since that time.  At no time since September 2015 did VisionQuest National, LTD maintain a corporate headquarters in Downingtown, Pennsylvania. See a copy of the Affidavit of Yousef Awwad, attached as Exhibit "3".

8.      In this action, Plaintiff seeks damages as a result of alleged harm caused to Plaintiff by the actions of Defendant's employees, agents, staff and/or volunteers under the claims of respondeat superior, negligence, and negligent hiring, supervision and retention. (See Exhibit 2, ¶ 7, 8).

9.      In Count I of his Complaint in the Chester County action, Plaintiff alleges that he sustained damages as the direct and proximate result of the carelessness, negligence, and/or recklessness of Defendant VisionQuest National, LTD.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special and exemplary, and punitive damages". (See Exhibit 2, ¶ 23)

10.      In Count II of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. negligently supervised its employees, which caused Plaintiff to suffer injuries.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable

Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special and exemplary, and punitive damages". (See Exhibit 2, ¶ 35)

11.     In Count III of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. negligently hired and retained its employees, which caused Plaintiff to suffer injuries.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special and exemplary, and punitive damages". (See Exhibit 2, ¶ 40)

12.     In Count IV of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. is liable for **negligent infliction of emotional distress** upon Plaintiff. In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special and exemplary, and punitive damages". (See Exhibit 2, ¶ 45)

13.     In Count V of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. is liable for **intentional infliction of emotional distress** upon Plaintiff.   In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special and exemplary, and punitive damages". (See Exhibit 2, ¶ 51)

14.     In Count VI- Respondeat Superior, of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. is liable for **the negligent, reckless, careless, and/or intentional conduct of Defendant's employees under the theory of vicarious liability.**

In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special and exemplary, and punitive damages". (See Exhibit 2, ¶ 57)

15.     In Count VII of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. is liable for a **breach of fiduciary duty** to Plaintiff.  In this Count, Plaintiff seeks "an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate". (See Exhibit 2, ¶ 61)

16.     In Count VIII of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. was **grossly negligent,** which caused Plaintiff to suffer injuries. In this Count, Plaintiff seeks damages "for an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate". (See Exhibit 2, ¶ 63)

17.     Since the amount in controversy in this case is in excess of $75,000, and because Plaintiff and VisionQuest National, LTD. are domiciliaries of different States, this Court may exercise jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332.

18.     This action may be removed to this Court by VisionQuest National, LTD. pursuant to 28 U.S.C. §1441(a) in that this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania, and in that this Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

19.     VisionQuest National, LTD. has given written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. §1446(d), by filing this Notice of Removal with the Court of

Common Pleas of Chester County and by giving written notice to counsel for Plaintiff.  A copy of the Praecipe to File Notice of Removal as filed by VisionQuest National, LTD., is attached as Exhibit "4".  A copy of the Notice to Plaintiff, given by VisionQuest National, LTD., is attached as Exhibit "5".

      *WHEREFORE*, Defendant VisionQuest National, LTD. respectfully requests that the Chester County action be removed to this Court.

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY:_____
    GERALD J. VALENTINI, ESQUIRE
    MICHAEL P. RAUSCH, ESQUIRE
    J.D. FEENANE, ESQUIRE
    MARIA V. GO, ESQUIRE
    Attorneys for Defendant,
    VisionQuest National LTD.
    1601 Market Street, Suite 3400
    Philadelphia, PA  19103
    (215) 587-9400/(215) 587-9456 – fax
    gvalentini@dmvlawfirm.com

Date: July 25, 2023

# EXHIBIT "1"

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PENNSYLVANIA

Kevin Smith,                                    CIVIL DIVISION

                    Plaintiff,                  No.:

          v.
                                                **PRAECIPE FOR WRIT OF**
                                                **SUMMONS**
VISIONQUEST NATIONAL LTD t/d/b/a
VISIONQUEST IN PENNSYLVANIA,

                    Defendant.                  Filed on Behalf of the Plaintiff

                                                Counsel of Record for This Party:

                                                D. Wesley Cornish, Esquire
                                                PA ID 310865
                                                cornerstonelegalgroup@gmail.com

                                                Cornerstone Legal Group
                                                230 Broad Street, 17th Floor
                                                Philadelphia, PA  19102

                                                Phone: 212-444-2039
                                                Fax: 212-535-7365

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PENNSYLVANIA

Kevin Smith,                                      CIVIL DIVISION

           Plaintiff,                              No.:

   v.

VISIONQUEST NATIONAL LTD t/d/b/a
VISIONQUEST IN PENNSYLVANIA,

           Defendant.

## PRAECIPE FOR WRIT OF SUMMONS

TO:   OFFICE OF THE PROTHONOTARY

     Kindly issue the Writ of Summons in the above-captioned matter.

                Respectfully submitted,

                Cornerstone Legal Group

                _s/D. Wesley Cornish_____
                D. Wesley Cornish, Esquire
                Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Dated**: January 10, 2023

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Dated**: January 10, 2023

Respectfully Submitted,

_____

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Dated**: January 10, 2023

# EXHIBIT "2"

*Filed and Attested by
PROTHONOTARY
18 Jul 2023 04:21 AM
C. Luna-Valente*

| | | |
|---|---|---|
| **Kevin Smith (Plaintiff),** | **:** | **Chester County Common Pleas** |
| **v.** | **:** | **Civil Division – Jury Trial D** |
| **VisionQuest National LTD, (Defendant)** | **:** | **No. 2023-00235** |

## **COMPLAINT**

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com


Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| | | |
|---|---|---|
| **Kevin Smith (Plaintiff),** | : | **Chester County Common Pleas Court** |
| **v.** | : | **Civil Division – Jury Trial Demand** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 2023-00235** |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND WHERE YOU CAN GET LEGAL HELP

| **PA Lawyer Referral Services:** | **Chester County Bar Association** |
|---|---|
| PA Bar Association | Lawyer Referral & Information Service |
| 100 South Street Harrisburg, PA 17108 | 15 West Gay Street, West Chester, PA 19381 |
| Phone (800) 692-7375 | Phone (610) 429-1500 |

## AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the Court Administrator's Office. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.

## AVISO

Lehan demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificaci6n. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificaci6n. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantespara usted. LLEVE EST A DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DfNERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUY A DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ASOCIACION DE LICENCIADOS DE FILADELFIA

### Chester County Bar Association

Lawyer Referral Service
15 West Gay Street, West Chester, PA 19381
Phone (610) 429-1500

| | | |
|---|---|---|
| **Kevin Smith (Plaintiff),** | : | **Chester County Common Pleas Court** |
| **v.** | : | **Civil Division – Jury Trial Demand** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 2023-00235** |

## COMPLAINT

**AND NOW** come the Plaintiff, Kevin Smith, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.    Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers, especially **Staff Member 1**.

4. The Plaintiff Johnson brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.     Parties

5. Plaintiff, **Kevin Smith** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 600 North Swan Road Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.     Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

*Kevin Smith's Experience*

10. Plaintiff was court-ordered to reside at VisionQuest.

11. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

12. At all times relevant hereto, Plaintiff was a victim of sexual abuse during her time at Defendant's facility by its staff members, including **Staff Member 1**.

13. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

    a.  Plaintiff was court ordered to live at VisionQuest between approximately 2012-2016 while a juvenile.

    b.  At all times material hereto, **Staff Member 1** was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

    c.  **Staff Member 1** was a staff member(s) at VisionQuest sexually assaulted Plaintiff during his residency at the Defendant's facility.

    d.  **Staff Member 1** groped and fondled Plaintiff's genitals.

    e.  Plaintiff does not recall every incident of abuse by **Staff Member 1** during his residency.

15. Specifically, regarding staff member(s) **<u>Staff Member 1</u>** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members, including **<u>Staff Member 1</u>**, directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees, including **<u>Staff Member 1</u>**, actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

<u>**Count 1 – Negligence**</u>

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members, including **<u>Staff Member 1</u>**, had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 et seq; 55 Pa.C.S.A. §3800 et seq; 42 Pa.C.S.A. §§ 6327(a) et seq.; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Johnson were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

    a.  In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

b.  In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

c.  In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

d.  In failing to provide any oversight to the employees or staff given the written reports, complaints, and witnessing of these acts of sexual abuse conducted by supervisors and administrators;

e.  In failing to take proper remedial measures to actively combat allegations of sexual abuse by its employees, staff, or residents despite numerous allegations of such abuse;

f.  In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 et seq; 55 Pa.C.S.A. §3800 et seq; 42 Pa.C.S.A. §§ 6327(a) et seq.; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

g.  In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

b. Plaintiff was deprived of educational opportunities, by the Defendant and;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

a. Immense on-going embarrassment and humiliation;

b. Loss of self-esteem and shame;

c. Emotional distress;

d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

f. Severe mental anguish and trauma;

g. Anxiety, depression, nausea and loss of sleep;

h. A loss of enjoyment of life;

i. A loss of the ability to form relationships and inability to trust others;

j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

k. Loss of educational opportunities and;

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Johnson demands judgement against Defendant, VisionQuest for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 2 – Negligent Supervision

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 et seq; 55 Pa.C.S.A. §3800 et seq; 42 Pa.C.S.A. §§ 6327(a) et seq.; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Staff Member 1**, in assaulting Plaintiff Johnson, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

    a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat clients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Johnson demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3 – Negligent Hiring and Retention

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. Defendant, knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was sexually abused by staff members that Plaintiff and other young children affiliated and/or associated with Defendant were vulnerable to and potential victims of child abuse.

38. Defendant, also knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was sexually abused by staff members that the access to vulnerable youths, together with the trust and authority placed in staff and/or teacher, which makes working at a juvenile residential care facility an enticing profession for sexual predators, and/or others seeking to abuse and exploit children.

39. Defendant, owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of staff, teacher, counselor, counselors, priests, clergy, employees, agents, servants, representatives, and/or ostensible agents, situated in and/or located at the Defendants, and specifically a duty to be on high look out for possible pedophiles, sexual predators, and others seeking to abuse and exploit children.

40. Defendant, failed to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of other staff members as staff members, teacher, clergy, employee, agent, servant, representative and/or ostensible agent, among other things, the following:

    a. Failing to conduct a thorough and proper background check of **Staff Member 1** and other staff members;

    b. Failing to thoroughly and reasonably investigate **Staff Member 1** and other staff members' child abuse history;

c.  Failing to learn of or investigate **<u>Staff Member 1</u>** and other staff members' history of sexual impropriety with young boys and/or girls and his proclivity to sexual assault young boys and/or girls;

d.  Failing to conduct a thorough and proper interview of **<u>Staff Member 1</u>** and other staff members;

e.  Failing to use due care in the selection of **<u>Staff Member 1</u>** and other staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

f.  Failing to use due care in the retention of **<u>Staff Member 1</u>** and staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

g.  Recklessly, negligently and/or carelessly failing to adequately check the background of **<u>Staff Member 1</u>** and staff members, before hiring him as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children; and

h.  Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen **<u>Staff Member 1</u>** and other staff and/or teachers for the possibility of being sexual predators and/or child abusers.

**WHEREFORE,** Plaintiff Johnson demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for

all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 4 – Negligent Infliction of Emotional Distress

41. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

42. The Defendant and its staff members via their negligent acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

43. Plaintiff continues to suffer extreme emotional distress from being sexually abused while a minor at Defendant's facility.

44. Defendant had a duty to protect Plaintiff from harm.

45. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

**WHEREFORE,** Plaintiff Johnson demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 5 – Intentional Infliction Emotional Distress

46. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

47. The Defendant and its staff members via their acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

48. Plaintiff continues to suffer extreme emotional distress from being sexually abused while a minor at Defendant's facility.

49. Defendant had a duty to protect Plaintiff from harm.

50. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

51. Defendant and its staff members' conduct was extreme and outrageous.

   **WHEREFORE,** Plaintiff Johnson demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 6 - Respondeat Superior

52. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

53. The Defendant and its staff members, including **Staff Member 1**, had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 et seq; 55 Pa.C.S.A. §3800 et seq; 42 Pa.C.S.A. §§ 6327(a) et seq.; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

54. At all times relevant hereto, employees and staff members implicated in the prior paragraphs, including **Staff Member 1**, were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

55. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

56. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

57. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

   **WHEREFORE,** Plaintiff Johnson demands judgement against Defendant, VisionQuest for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

<u>**COUNT 7 – Breach of Fiduciary Duty**</u>

58. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

59. VisionQuest, as a service provider for youth with disabilities and advanced behavioral and mental health needs, owes a fiduciary duty to act in the best interests of the youth they serve. When a child is placed in a VisionQuest facility, VisionQuest assumes the fiduciary duty to ensure that the child receives appropriate care and is safe from foreseeable harms.

60. By allowing and authorizing a culture of physical, emotional, and sexual abuse in its programs and facilities, repeatedly failing to report child abuse in its facility, allowing youth to be systematically abused while in VisionQuest programs, inadequately training and supervising Direct Support Professionals, failing to maintain safe premises for youth which eliminated "blind spots," and failing to monitor Plaintiffs' wellbeing so as to detect

signs of abuse, among other failures, acts, and omissions as previously described, VisionQuest has breached their fiduciary duty towards Plaintiffs.

61. Plaintiffs were thereby harmed by Defendant's breach of this fiduciary duty.

**WHEREFORE,** Plaintiff Johnson, demands judgment against Defendant, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 8 – Gross Negligence

62. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

63. Defendant, VisionQuest, was grossly negligent under the facts as detailed within this Complaint in that this Defendant acted with complete disregard of the rights, safety, and well-being of others; in a palpably unreasonable manner; in an outlandish fashion; and/or failed to exercise slight care or diligence under these circumstances.

**WHEREFORE,** Plaintiff Johnson, demand judgment against Defendant, individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire

*2023-00235-TT*

Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
**ATTORNEY FOR PLAINTIFF**
**Date**: July 17, 2023

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865

_____
**Date**: July 17, 2023

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865

_____
**Date**: July 17, 2023

Respectfully Submitted,

_____
/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**Date**: July 17, 2023

*2023-00235-TT*

# EXHIBIT "3"

**DEASEY, MAHONEY & VALENTINI, LTD.**
By:   Gerald J. Valentini, Esquire
      Maria V. Go, Esauire
Attorney Identification Nos. 58261/92715
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone: (215) 587-9400

ATTORNEYS FOR DEFENDANT,
VISIONQUEST NATIONAL, LTD.

|  |  |  |
|---|---|---|
| KEVIN SMITH | : | COURT OF COMMON PLEAS |
|  | : | CHESTER COUNTY |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | No. 2023-00235-TT |
|  | : |  |
| VISIONQUEST NATIONAL, LTD. | : |  |
|  | : |  |
|  | : |  |
| Defendant, | : |  |

## AFFIDAVIT

I, Yousef Awwad, being duly sworn, according to oath, hereby deposes and states:

1.  I am the Chief Executive Officer VisionQuest National, LTD., and have held this position since January 1, 2023.

2.  I am also the Chief Financial Officer of VisionQuest National, LTD., and have held this position since August 30, 2020.

3.  I am familiar with the company's dealings, transactions, facilities and corporate locations.

4.  VisionQuest National, LTD.'s corporate headquarters and principal place of business is located at 600 N. Swan Rd., Tucson, AZ 85711.

5.  VisionQuest National, LTD. does not maintain corporate headquarters or a principal place of business in the Commonwealth of Pennsylvania.

6. VisionQuest National, LTD. previously operated a facility located at 150 East Pennsylvania Avenue, Suite 430, Downingtown, Pennsylvania, 19335. However, that facility closed in September 2015 and has not operated since that time.

7. The facility located at 150 East Pennsylvania Avenue, Suite 430, Downingtown, Pennsylvania, 19335, did not serve as corporate headquarters or a principal place of business for VisionQuest National, LTD. at any time.

BY _____
    YOUSEF AWWAD
    CHIEF EXECUTIVE OFFICER AND
    CHIEF FINANCIAL OFFICER,
    VISIONQUEST NATIONAL, LTD.

Sworn to and subscribed before me this _19th_ day of _July_, 20_23_

_____
NOTARY PUBLIC
My Commission Expires: _6-16-24_



JANA S. CLARK
NOTARY PUBLIC - ARIZONA
PIMA COUNTY
COMMISSION #584753
MY COMMISSION EXPIRES
JUNE 16, 2024

# EXHIBIT "4"

DEASEY, MAHONEY & VALENTINI, LTD.               *Attorneys for Defendant,*
By:  Gerald J. Valentini, Esquire                  *VisionQuest National, LTD.*
    Michael P. Rausch, Esquire
    J.D. Feenane, Esquire
    Maria V. Go, Esquire
Attorney I.D. Nos. 58261/74286/319480/92715
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

| | |
|---|---|
| KEVIN SMITH<br><br>         v.<br><br>VISIONQUEST NATIONAL, LTD. | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br>No. 2023-00235-TT |

## <u>PRAECIPE TO FILE NOTICE OF REMOVAL</u>

TO THE PROTHONOTARY:

      Kindly file the attached copy of the Notice of Removal, the original of which was filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania on July 5, 2023.  This Notice of Removal was filed pursuant to 28 U.S.C. §1446 (d).

                        **DEASEY, MAHONEY & VALENTINI, LTD.**

                     BY:   _____
                            GERALD J. VALENTINI, ESQUIRE

Date: July 25, 2023

DEASEY, MAHONEY & VALENTINI, LTD.                          *Attorneys for Defendant,*
By:  Gerald J. Valentini, Esquire                          *VisionQuest National, LTD.*
    Michael P. Rausch, Esquire
    J.D. Feenane, Esquire
    Maria V. Go, Esquire
Attorney I.D. Nos. 58261/74286/319480/92715
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

| | |
|---|---|
| KEVIN SMITH | COURT OF COMMON PLEAS |
| v. | CHESTER COUNTY |
| VISIONQUEST NATIONAL, LTD. | No. 2023-00235-TT |

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on July 21, 2023, a copy of the foregoing Praecipe to File Notice of

Removal was served upon counsel via e-filing.

                      **DEASEY, MAHONEY & VALENTINI, LTD.**

                      BY: _____
                            GERALD J. VALENTINI, ESQUIRE

Date: July 25, 2023

# EXHIBIT "5"

DEASEY, MAHONEY & VALENTINI, LTD.                    *Attorneys for Defendant,*
By:  Gerald J. Valentini, Esquire                   *VisionQuest National, LTD.*
      Michael P. Rausch, Esquire
      J.D. Feenane, Esquire
      Maria V. Go, Esquire
Attorney I.D. Nos. 58261/74286/319480/92715
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

| | |
|---|---|
| KEVIN SMITH | COURT OF COMMON PLEAS |
| v. | CHESTER COUNTY |
| VISIONQUEST NATIONAL, LTD. | No. 2023-00235-TT |

## NOTICE TO PLAINTIFF

TO:    David Wesley Cornish, Esquire
       Cornerstone Legal Group
       230 Broad Street 17th Floor
       Philadelphia, PA 19102

Please take notice that Defendant, VisionQuest National, LTD., has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania, removing this civil action now pending in the Court of Common Pleas of Chester County pursuant to 28 U.S.C. §1441, et seq.  Also, please take notice that Defendant has filed in the United States District Court for the Eastern District of Pennsylvania a copy of the Complaint served upon it which was filed in the Court of Common Pleas of Chester County.

Copies of this Notice of Removal and Complaint are attached to this Notice and along with this Notice are being served upon you.

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY: _____
GERALD J. VALENTINI, ESQUIRE
Counsel for Defendant,
Date: July 25 2023           VisionQuest National, Ltd.

DEASEY, MAHONEY & VALENTINI, LTD.                    *Attorneys for Defendant,*
By:  Gerald J. Valentini, Esquire                    *VisionQuest National, LTD.*
     Michael P. Rausch, Esquire
     J.D. Feenane, Esquire
     Maria V. Go, Esquire
Attorney I.D. Nos. 58261/74286/319480/92715
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

| | |
|---|---|
| KEVINS SMITH<br><br>v.<br><br>VISIONQUEST NATIONAL, LTD. | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br>No. 2023-00235-TT |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 21, 2023, a copy of the foregoing Notice to Plaintiff was served upon counsel via e-filing.

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY:  _____
GERALD J. VALENTINI, ESQUIRE
Counsel for Defendant,
VisionQuest National, Ltd.

Date: July 25, 2023